UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LANIE DRINION THOMISEE**          **DOCKET NO. 2:24-cv-061**
         **D.O.C. # 1538636**                      **SECTION P**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**SHERIFF'S OFFICE CALCASIEU**    **MAGISTRATE JUDGE LEBLANC**
**PARISH, ET AL**

**REPORT AND RECOMMENDATION**

Before the Court is the civil rights complaints filed pursuant to 42 U.S.C. § 1983 by plaintiff Lanie Drinion Thomisee, who is proceeding *pro se* and *in forma pauperis* in this matter. Thomisee is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana ("CCC"). His claims center around secondhand smoke exposure at the River Bend Detention Center (RBDC).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.     BACKGROUND**

Plaintiff complains that the CCC/Calcasieu Sheriff's Office transferred him from CCC to RBDC on November 14, 2023.[1] All allegations raised in this suit occurred at RBDC.

Plaintiff contends that upon arrival at RBDC, he informed medical staff that he was severely allergic to tobacco smoke and hydrocodone but was told that "they smoked at the River Bend Facility, and I would just have to deal with it." Doc. 6, p. 3. He alleges that over the fifteen (15) days he was incarcerated at RBDC he made numerous complaints and sick calls due to the

---

[1] At the time he filed the instant suit, he had already been transferred from RBDC back to CCC, where he is currently incarcerated.

"itchy throat, eyes, severe nausea, running nose and migraine headaches." *Id*. at p. 4. He complains that he was forced to go to "pill call" and spend $.50 for each Tylenol to alleviate his symptoms. *Id*. Plaintiff was forced to "suffer the imminent danger of what does (sic) to my health and future as a non-smoker" and endure "15 days of 'living hell'" at RBDC before being transferred back to CCC. *Id*. at pp. 4, 6.

I.     **LAW & ANALYSIS**

A.  *Frivolity Review*

Thomisee has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

B.  *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. To hold the defendant liable, a plaintiff must allege facts

to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Analysis

#### a. Improper Defendants

##### i. Calcasieu Parish Sheriff Stich Guillory, CCC Warden Strength, Warden/Commander Burkhalter, Sheriff Mancuso

Plaintiff names as defendants Calcasieu Parish Sheriff Stitch Guillory, CCC Warden Strength, Warden/Commander Burkhalter and Sheriff Mancuso. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.,* 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.), *cert. denied,* 104 S.Ct. 248 (1983).  In other words, to the extent Plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

Plaintiff does not allege that any of the CCC defendants were personally involved in, or even knew of, any aspect of the situations complained of at RBDC.  Moreover, his complaint that CCC Warden Strength transferred him from CCC to RBDC fails to allege that Warden Strength affirmatively participated in an act that caused a constitutional deprivation, as "[a] prisoner has no constitutionally protected interest in a particular facility." *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.

1996); *Young v. Quinlan*, 960 F.2d 351, 358 n. 16 (3d Cir. 1992) (a prisoner has no reasonable expectation of being incarcerated in a particular prison) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). Accordingly, claims against these defendants should be dismissed.

### ii. East Carroll Parish Sheriff's Office, Calcasieu Parish Sheriff's Office, Calcasieu Correctional Center & River Bend Detention Center

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, Civ. No. 11-1668, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases).

Similarly, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008), citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973). Jails are not "persons" subject to liability under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). A jail is "not an entity, but a building." *Wetzel v. St. Tammany Parish Jail*, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice). Thus, Thomisee fails to state a claim on which relief may be granted against the East Carroll Parish Sheriff's Office, Calcasieu Parish Sheriff's Office, Calcasieu Correctional Center and River Bend Detention Center.

### b. Claims

#### i. Exposure to Secondhand Smoke

The Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, a prisoner must show that he is being exposed to unreasonably high levels of environmental tobacco smoke. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). In assessing that factor, a court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will actually cause such harm. *Id*. A court also must determine whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *Id*. Second, a prisoner must show, subjectively, that the prison authorities demonstrated a deliberate indifference to his plight. *Id*.

Under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Plaintiff alleges that he suffered from itchy throat, eyes, nausea, runny nose and migraine headaches due to the short-term exposure to secondhand smoke at RBDC. Courts have

consistently held that the symptoms of which he complains constitute only a *de minimis* injury. *See Harold v. Tangipahoa Parish Sheriff Office*, Civ. No. 20-2220, 2021 WL 2920513 (E.D. La. June 18, 2021); *Robinson v. Morehouse Par. Sheriff's Dep't*, Civ. No. 23-0572, 2023 WL 4836672 (W.D. La. July 7, 2023); *Courteaux v. Larpenter*, Civ. No. 19-13173, 2020 WL 2771755 (E.D. La. April 27, 2020). Thus, Plaintiff's alleged injuries do not exceed the de minimis injury requirement of the PLRA.

Moreover, to the extent Thomisee alleges that he was forced to "suffer the imminent danger of what does (sic) to my health and future as a non-smoker," his fears are primarily speculative and concern what could happen in the future. His claims of discomfort and fear of becoming ill do not rise to the level of an Eighth Amendment claim. *See Williams v. Mgmt. of Geo*, Civ. No. 4:10–CV–23–LRA, 2011 WL 3684479 (S.D. Miss. Aug. 23, 2011). Since he is no longer housed at RBDC, none of his fears have come to fruition and are now moot.

### ii. Medical Care

In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997). It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 837-840 (1994). It is not enough to show mere negligence or disagreement with one's treatment. *Miles v. Rich*, 576 Fed. Appx. 394, 396 (5th Cir. 2014) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). The prisoner must show that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince

a wanton disregard for any serious medical needs.'" *Domino v. Tx. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Plaintiff does not allege that he was denied treatment or that his complaints were ignored. Therefore, he has failed to state a claim for denial of medical care.

His claim that he had to pay for medication also fails. "'There is . . . no general constitutional right to free health care[,]' and '[c]harging inmates for medical care, furthermore, is not per se unconstitutional.'" *Holmes v. Caddo Par. Sheriff's Off.*, Civ. No. 24-1384, 2024 WL 5286381, *6 (W.D. La. Dec. 6, 2024) (citing *Breakiron v. Neal*, 166 F. Supp. 2d 1110, 1115 (N.D. Tex. 2001) (cited with approval by *Morris v. Livingston*, 739 F.3d 740, 749 (5th Cir. 2014) (reasoning that the plaintiff did not plead "facts to show that the health care services fee" he paid acted "as a functional denial of medical care . . . .")). "Inmates are not entitled to free medical care, and an inmate's displeasure at having to pay such co-payment does not present a constitutional claim." *Id*. (citing *Farrakhan v. Johnson*, 2009 U.S. Dist. LEXIS 40342, 2009 WL 1360864, at *5 (E.D. Va. May 13, 2009) (unpublished) (cited with approval by *Morris*, 739 F.3d at 748)). Here, Plaintiff does not claim that he was refused care because he could not pay; rather, he simply claims that he was charged. The Court should dismiss this claim.

## II.     CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the instant matter be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim up on which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 3rd day of November, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE